UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**WELCH ALLYN, INC.,**

       *Plaintiff*,

       -vs-

**OBP CORPORATION and
OBP MEDICAL INC.,**

       *Defendants*.

Civil Action No. 5:14-CV-1122 (TJM/DEP)

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Welch Allyn, Inc. ("Welch Allyn"), by its attorneys, Hiscock & Barclay, LLP, as and for its Complaint against the defendants, OBP Corporation and OBP Medical Inc., alleges as follows:

### Nature of Action

1. This is an action for: (a) infringement of U.S. Patent No. 8,435,175 (the "'175 Patent"), of which Welch Allyn is the owner by assignment, in violation of the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*; (b) trade dress infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) unfair competition under the common law of the State of New York; and (d) deceptive business practices in violation of the New York General Business Law § 349.

### Parties

2. Welch Allyn is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 4341 State Street Road, Skaneateles Falls, New York, 13153.

3. Upon information and belief, OBP Corporation and OBP Medical Inc. (collectively "OBP Medical") are corporations and/or other business entities organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 360 Merrimack St. Building 9, Lawrence, Massachusetts 01843.

## Jurisdiction and Venue

4. This case involves one or more federal questions, a United States patent, and the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. Thus, this Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, 15 U.S.C. §§ 1116 and 1121, and 35 U.S.C. § 281. This Court also has jurisdiction pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367 over Welch Allyn's claims for unfair competition and deceptive business practices under the laws of the State of New York and common law.

5. This Court has personal jurisdiction over OBP Medical, which regularly engages in extensive business transactions and solicitations in the State of New York and within this District, has contracted to supply goods and services within this District, and/or has committed acts of patent infringement in this District by making, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of the '175 Patent.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## Factual Allegations

### The Industry

7. Welch Allyn is a leading global manufacturer of medical diagnostic equipment with a wide range of digital and connected solutions for healthcare professionals. Welch Allyn is based outside Syracuse, New York and employs nearly 2,600 employees in 26 different countries, with a focus on helping healthcare providers overcome complex challenges in providing healthcare services with effective products that are elegantly designed.

8. Welch Allyn invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of medical diagnostic equipment.

### The '175 Patent

9. On April 26, 2012, Welch Allyn filed a patent application, U.S. Patent Application Serial No. 13/457,161 (the "'161 Application"), entitled "Vaginal Speculum Apparatus". The named inventors are Michael T. McMahon, Allan I. Krauter, Robert L. Vivenzio, Dale C. Saddlemire, Dominick Danna, Stephen W. Burnett, Daniel C. Briggs, Scott G. Spanfelner, and Jon R. Salvatti.

10. On May 7, 2013, the '161 Application resulted in the issuance of the '175 Patent. The '175 Patent was assigned to Welch Allyn. Welch Allyn is the sole owner of, and has the sole right to sue upon, the '175 Patent. A true and correct copy of the '175 Patent is attached hereto as Exhibit A.

11. OBP Medical infringes the '175 Patent by making, using, selling, offering to sell, and/or importing vaginal specula, and kits that include such specula, that practice the '175 Patent.

12. Welch Allyn has not licensed OBP Medical to practice the '175 Patent and OBP Medical has no right or authority to license others to practice the '175 Patent.

13. OBP Medical has actual notice of its infringement of the '175 Patent at least as a result of the commencement of this action.

**The Color Coding Trade Dress**

14. Welch Allyn also invented a vaginal speculum apparatus designed for single use, sold under the KLEENSPEC mark. This inexpensive yet important medical diagnostic innovation eliminates the time and expense of reprocessing metal diagnostic specula and reduces risks of cross-contamination.

15. Welch Allyn uses a distinctive color coding trade dress to designate size in connection with the manufacture, advertising, and sale of its KLEENSPEC disposable vaginal specula. Specifically, Welch Allyn uses blue to designate large, green to designate medium, white to designate small, and yellow to designate x-small (the "Color Coding Trade Dress"), as shown below.





16. A true and accurate copy of a Welch Allyn advertising sheet for its KleenSpec® disposable vaginal specula showing the Color Coding Trade Dress is attached hereto as Exhibit B and is incorporated by reference.

17. Welch Allyn has continuously used its distinctive Color Coding Trade Dress to indicate the source of its KleenSpec® disposable vaginal specula to the trade and the consuming public.

18. Welch Allyn has made a substantial investment in the advertising and promotion of its KleenSpec® disposable vaginal specula using the Color Coding Trade Dress.

19. As a result of the advertising expenditures, marketing, and sales of product bearing the Color Coding Trade Dress, the Color Coding Trade Dress has acquired secondary meaning and extensive goodwill.

20. Welch Allyn's Color Coding Trade Dress is unique and distinctive and has come to be associated by the trade and consuming public exclusively with Welch Allyn and its reputation for high quality.

21. Welch Allyn's Color Coding Trade Dress is non-functional because it is non-essential to the use or purpose and does not affect the cost or quality of its KleenSpec® disposable vaginal specula.

22. Upon information and belief, OBP Medical applies color to its vaginal specula, including but not necessarily limited to its ER-SPEC model, in a manner that copies and/or is likely to cause confusion with Welch Allyn's Color Coding Trade Dress, namely blue to designate large, green to designate medium, and white to designate small, as shown below.



23. A true and accurate copy of an OBP Medical advertising sheet for its ER-SPEC model vaginal specula is attached hereto as Exhibit C and is incorporated by reference.

24. OBP Medical has unfairly capitalized on Welch Allyn's Color Coding Trade Dress by selling, offering to sell, and/or importing vaginal specula, including but not necessarily limited to its ER-SPEC model, that infringe Welch Allyn's Color Coding Trade Dress.

25. OBP Medical's use of the color coding system for its vaginal specula is without Welch Allyn's authorization or consent.

26. OBP Medical has actual notice of its infringement of Welch Allyn's Color Coding Trade Dress at least as a result of the commencement of this action.

## Count I
### (*Infringement of the '175 Patent*)

27. Welch Allyn repeats and reasserts all allegations contained in Paragraphs 1 through 26 above as if they were stated in full herein.

28. OBP Medical has infringed at least claims 1, 9 and/or 18 of the '175 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing vaginal speculum apparatuses, including, but not necessarily limited to, OBP Medical's ER-SPEC model (e.g., claims 9 and 18) and OfficeSPEC model (e.g., claim 1) vaginal specula, and kits including such specula.

29. OBP Medical also has actively and/or intentionally induced others to use products that infringe the '175 Patent. Upon information and belief, OBP Medical did so with knowledge of the '175 Patent and intent to induce others to use products that directly infringe at least one claim of the '175 Patent.

30. OBP Medical also has actively and/or intentionally infringed the '175 Patent by way of contributory infringement. OBP Medical sold components that were part of products that

infringe at least one claim of the '175 Patent. Upon information and belief, OBP Medical knew those components constitute a material part of the products that infringe the '175 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

31. OBP Medical's acts of infringement have caused Welch Allyn irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

32. Upon information and belief, OBP Medical's unlawful infringing activity will continue unless and until OBP Medical is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

33. OBP Medical's continuing infringement will cause Welch Allyn further irreparable harm and damages, and entitle it to a preliminary and permanent injunction, and to recover, among other things, treble damages, attorney fees, and costs.

## Count II
### (*Trade Dress Infringement and Unfair Competition in Violation of 15 U.S.C. § 1125(a)*)

34. Welch Allyn repeats and reasserts all allegations contained in Paragraphs 1 through 33 above as if they were stated in full herein.

35. Upon information and belief, OBP Medical knowingly and deliberately uses a color coding system on its vaginal specula in an attempt to misappropriate Welch Allyn's Color Coding Trade Dress and to commercially trade off the accumulated goodwill of Welch Allyn.

36. OBP Medical 's actions are intended to, and are likely to cause confusion, mistake, or deception as to the source of origin of OBP Medical's vaginal specula and kits in that the public, the trade, and others are likely to believe OBP Medical's goods are the same as Welch Allyn's goods, or are authorized, sponsored, or approved by Welch Allyn, or are otherwise affiliated or connected with Welch Allyn and/or its distinctive Color Coding Trade Dress.

37. OBP Medical's application of color to its products in a manner that is confusingly similar to Welch Allyn's Color Coding Trade Dress constitutes trade dress infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, to the substantial and irreparable injury of the public and of Welch Allyn's business reputation and goodwill.

38. OBP Medical's acts of trade dress infringement and unfair competition, unless restrained, will cause great and irreparable injury to Welch Allyn and to the business and goodwill represented by the Welch Allyn trade dress, in an amount that cannot be ascertained at this time, leaving Welch Allyn with no adequate remedy at law.

39. By reason of the foregoing, Welch Allyn is entitled to injunctive relief against OBP Medical, restraining it from any further acts of trade dress infringement and unfair competition, and, after trial, recovery of any damages (to the extent calculable) proven to have been caused by reason of OBP Medical's aforesaid acts.

## Count III
### (*Unfair Competition in Violation of New York Common Law*)

40. Welch Allyn repeats and reasserts all allegations contained in Paragraphs 1 through 39 above as if they were stated in full herein.

41. In violation of the common law of the state of New York, OBP Medical has engaged in unfair competition by using a color coding system on its vaginal specula which bears so striking a resemblance to Welch Allyn's Color Coding Trade Dress that the public will be confused as to the identity and source of the products.

42. On information and belief, OBP Medical has acted in bad faith, without Welch Allyn's authorization or consent, and with full knowledge of Welch Allyn's Color Coding Trade Dress.

43. OBP Medical's acts as described above constitute unfair competition in violation of Welch Allyn's rights under New York State common law, as preserved by N.Y. Gen. Bus. Law. § 360-o.

44. As a direct and proximate result of OBP Medical's conduct, Welch Allyn has suffered irreparable harm to its valuable goodwill and reputation in the industry. Unless OBP Medical's conduct is restrained, Welch Allyn will continue to be irreparably harmed.

45. Welch Allyn has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if OBP Medical's acts are allowed to continue.

46. By reason of the foregoing, Welch Allyn is entitled to injunctive relief against OBP Medical, restraining it from any further acts of unfair competition, and, after trial, recovery of any damages (to the extent calculable) proven to have been caused by reason of OBP Medical's aforesaid acts.

### **Count IV**
***(Deceptive Business Practices in Violation of New York General Business Law § 349)***

47. Welch Allyn repeats and reasserts all allegations contained in Paragraphs 1 through 46 above as if they were stated in full herein.

48. Without Welch Allyn's authorization or consent, and having actual knowledge of Welch Allyn's distinctive Color Coding Trade Dress, OBP Medical manufactures, advertises, offers for sale, and sells its vaginal specula, and kits including such specula, using a color coding system that is identical and/or substantially similar to Welch Allyn's Color Coding Trade Dress.

49. OBP Medical's actions are intended to, and are likely to cause confusion, mistake, or deception as to the source of origin of OBP Medical's vaginal specula and kits in that consumers are likely to believe OBP Medical's goods are the same as Welch Allyn's goods, or

are authorized, sponsored, or approved by Welch Allyn, or are otherwise affiliated or connected with Welch Allyn and/or its distinctive Color Coding Trade Dress.

50. OBP Medical's actions are likely to materially mislead a reasonable consumer acting reasonably under the circumstances and thus constitute deceptive business practices in violation of New York General Business Law § 349.

51. If OBP Medical's activities are not enjoined, Welch Allyn will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill and distinctiveness of the Color Coding Trade Dress.

52. Welch Allyn has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if OBP Medical's acts are allowed to continue.

### Jury Demand

Welch Allyn demands a trial by jury on all issues so triable.

### Request For Relief

**WHEREFORE**, Welch Allyn urges the Court to grant the following relief:

- A. Entry of judgment that:
  - i. OBP Medical has infringed the '175 Patent;
  - ii. OBP Medical had violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);
  - iii. OBP Medical had engaged in unfair competition in violation of the common law of the State of New York; and
  - iv. OBP Medical has violated Section 349 of the New York General Business Law;
- B. Entry of judgment that preliminarily and/or permanently enjoins OBP Medical and its representatives, assigns or successors, or any subsidiaries, parents, divisions, agents, servants, employees thereof, and/or those in privity with OBP Medical from infringing, contributing to the infringement of, and inducing the infringement of the '175 Patent;

C. Entry of judgment for compensatory damages for patent infringement, as provided in 35 U.S.C. § 284, the extent of which will be determined at trial, but in no event less than a reasonable royalty, together with interest and costs;

D. A determination that OBP Medical's acts of infringement of the '175 Patent have been willful and an award of enhanced damages of up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

E. Entry of judgment that preliminarily and/or permanently enjoins OBP Medical and its representatives, assigns or successors, or any subsidiaries, parents, divisions, agents, servants, employees thereof, and/or those in privity with OBP Medical from:

   i. making, using, offering for sale, selling or distributing any products that use the same style and overall appearance or any confusingly similar variations of the Color Coding Trade Dress; and

   ii. unfairly competing with Welch Allyn in any manner;

F. That OBP Medical be required to file with the Court and serve upon Welch Allyn a written report under oath setting forth in detail the manner in which OBP Medical has complied with Paragraph E with thirty (30) days after service of the injunction order and within thirty (30) days after service of judgment with notice of entry thereof upon it;

G. That OBP Medical account for and pay over to Welch Allyn any profits realized by OBP Medical by reason of its unlawful and deliberate acts as alleged herein;

H. That Welch Allyn be awarded actual damages in an amount to be proven at trial and punitive damages in an amount to be proven at trial;

I. That OBP Medical use its best efforts to recall from the trade and other third parties any and all infringing goods and to cease any marketing, advertising, and promotional materials using products that use the same style and overall appearance or any confusingly similar variations of the Color Coding Trade Dress;

J. A determination that, pursuant to 35 U.S.C. § 285, this is an exceptional case and that Welch Allyn be awarded its reasonable attorneys' fees and costs;

K. That Welch Allyn have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h).

L. An award of interest on any judgment rendered in this action;

M. An award of its attorneys' fees and costs in this action; and

N. Such other and further relief as is just and proper.

Date: September 12, 2014　　　　　　　　**HISCOCK & BARCLAY, LLP**

By:　　　s/ Douglas J. Nash　　
　　　Douglas J. Nash (511889)
　　　Jason S. Nardiello (107138)

Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202
Telephone:　(315) 425-2700
Facsimile:　(315) 425-2701

*Attorneys for Plaintiff*
Welch Allyn, Inc.